IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KENNETH TONEY, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION 07-0024-CG-C |
| ANTHONY BARBER, | : | |
| Defendant. | : | |

REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis, filed a Complaint under 42 U.S.C. § 1983.  This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and is now before the undersigned on Defendant's Motion for Summary Judgment (Docs. 7, 22), and Plaintiff's opposition thereto.  (Docs. 16, 23).  For the reasons stated below, it is recommended that Defendant's Motion for Summary Judgment be granted and that Plaintiff's action be dismissed with prejudice.

I.  FACTS

1. From its review of the record, the Court summarizes the parties' allegations which are material to the issues addressed in this Report and Recommendation. According to Plaintiff, on November 20, 2006, while incarcerated at Holman Correctional Facility ("Holman"), he was injured when Defendant Correctional Officer Anthony Barber grabbed him by the throat, slammed him over a bed, and struck him three times in

the face, all while Plaintiff was handcuffed behind his back.  (Doc. 1 at 4, Complaint).

2. The record shows that, at approximately 9:00 a.m. on November 20, 2006, Officer Barber and other members of the "CERT" team were conducting a routine shakedown of the segregation unit at Holman prison.  (Doc. 7, att. 1 at 1, Barber affidavit).  Officer Barber maintains that Plaintiff was being loud and aggressive toward the CERT team members, yelling, "You are some kind of stupid mother-fuckers for coming all the way down here from Montgomery for this bullshit."  (Id.).  According to Officer Barber, Plaintiff repeatedly refused direct orders to be quiet and displayed "passive resistance," forcing Officer Barber to "place[] him against the wall" and remove Plaintiff from his cell.  (Id.).

3. According to Plaintiff, "while being slammed over the bed by the defendant," he scraped his right hand against the edge of the bed and suffered pain in his hand for weeks.  (Doc. 23 at 2).  A subsequent x-ray revealed that no bones were broken.  (Id.).  Plaintiff claims that the incident also caused him emotional distress.  (Doc. 1 at 4).

4. Plaintiff's medical records show that he was taken to the prison health care unit at approximately 9:10 a.m. on November 20, 2006, where he reported: "I was handcuffed to the rear and an officer caused injury to my hand."  (Doc. 7, att. 1 at 6).  The nurse noted that Plaintiff was in "good" condition.  (Id.).  His physical examination revealed that he had two scrapes to the fifth finger of his right hand and two scrapes to the fourth finger of his right hand.  (Id.).  In addition, there was slight swelling of the second knuckle of his fifth finger of his right hand.  (Id.).  He had full range of motion.  (Id.).  Plaintiff's vital

signs were normal, and he was released and returned to his cell.  (Id.).

5. On January 8, 2007, Plaintiff filed the present § 1983 action against Defendant Barber, claiming that Defendant violated his Eighth Amendment rights by using excessive force against him on November 20, 2006.  (Doc. 1 at 4).  Plaintiff seeks compensatory and punitive damages.  (Id. at 7).

6. In his Special Report and Answer filed on March 9, 2007, and September 5, 2007, Defendant Barber denies Plaintiff's allegations and asserts the defenses of absolute and qualified immunity.[1]  (Docs. 7, 22).  On March 14, 2007, the Court ordered that Defendant's Special Report be treated as a Motion for Summary Judgment.  (Doc. 8).  Plaintiff filed responses in opposition to Defendant's Motion for Summary Judgment on May 17, 2007,  and October 11, 2007.  (Docs. 16, 23).  The Court now considers Defendant's Motion for Summary Judgment and Plaintiff's opposition thereto.

---

[1] It is unclear from the Complaint whether Plaintiff is suing Defendant in his official capacity, individual capacity, or both.  Thus, the Court will consider both.  As a state official, Defendant is absolutely immune from suit for damages in his official capacity, see Harbert Int'l, Inc. v. James, 157 F.3d 1271, 1277 (11th Cir. 1998) (state officials sued in their official capacities are protected from suit for damages under the Eleventh Amendment).  In addition, "[q]ualified immunity protects government officials performing discretionary functions from suits in their individual capacities unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'"  Dalrymple v. Reno, 334 F.3d 991, 994 (11th Cir. 2003) (quoting Hope v. Pelzer, 536 U.S. 730, 739 (2002)).  In determining whether qualified immunity is appropriate in a given case, "[t]he court must first ask the threshold question whether the facts alleged, taken in the light most favorable to the plaintiffs, show that the government official's conduct violated a constitutional right."  Dalrymple, 334 F.3d at 995 (citing Saucier v. Katz, 533 U.S. 194, 201 (2001)).  Having found herein that Plaintiff's allegations do not establish a constitutional violation, "there is no necessity for further inquiries concerning qualified immunity."  Saucier, 533 U.S. at 201.

## II.  SUMMARY JUDGMENT STANDARD

1. In analyzing the propriety of a motion for summary judgment, the Court begins with these basic principles.  The <u>Federal Rules of Civil Procedure</u> grant this Court authority under Rule 56 to render "judgment as a matter of law" to a party who moves for summary judgment.  "[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact. . . .'"  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986) (quoting <u>Fed. R. Civ. P.</u> 56(c)).

2. The Court must view the evidence produced by "the nonmoving party, and all factual inferences arising from it, in the light most favorable to" that party.  <u>Barfield v. Brierton</u>, 883 F.2d 923, 934 (11th Cir. 1989).

3. However, Rule 56(e) states that:

> an adverse party [to a motion for summary judgment] may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

<u>Fed. R. Civ. P.</u> 56(e); <u>see also</u> <u>Celotex Corp.</u>, 477 U.S. at 325-27.

4. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. . . .  If the evidence is merely colorable, . . . or is not significantly probative, . . . summary judgment may be granted."  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249-50 (1986) (internal citations

4

omitted).  "Summary judgment is mandated where a party 'fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on

which that party will bear the burden of proof at trial.'"  Custom Mfg. & Eng'g, Inc. v.

Midway Servs., Inc., 508 F.3d 641, 647 (11th Cir. 2007) (citations omitted).

### III.  DISCUSSION

1. In this action, Plaintiff seeks redress pursuant to 42 U.S.C. § 1983 for an alleged

constitutional deprivation arising out of a physical altercation between himself and

Officer Anthony Barber that took place on  November 20, 2006, at Holman prison.

Section 1983 provides in pertinent part that:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or the
> District of Columbia, subjects, or causes to be subjected, any
> citizen of the United States or other person within the
> jurisdiction thereof to the deprivation of any rights, privileges,
> or immunities secured by the Constitution and laws, shall be
> liable to the party injured in an action at law, suit in equity, or
> other proper proceeding for redress. . . .

42 U.S.C. § 1983 (1994).

2. The Eighth Amendment, which attaches "after conviction and sentence,"

protects incarcerated prisoners, like Plaintiff, from punishment that is "cruel and

unusual."  Graham v. Connor, 490 U.S. 386, 392 n.6, 394 (1989).  Specifically, the

Eighth Amendment "prohibits the unnecessary and wanton infliction of pain, . . . the

infliction of pain totally without penological justification. . . , [and] the infliction of

punishment grossly disproportionate to the severity of the offense."  Ort v. White, 813

F.2d 318, 321 (11th Cir. 1987) (citing Rhodes v. Chapman, 452 U.S. 337, 346 (1981)).

5

3. In order to establish an Eighth Amendment claim against Defendant Barber, Plaintiff must prove both an objective and subjective component.  That is, Plaintiff must show that the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation and that Defendant "act[ed] with a sufficiently culpable state of mind," *i.e.*, that he acted "maliciously and sadistically to cause harm."  Hudson v. McMillian, 503 U.S. 1, 7-8 (1992).

4. Considering, first, the objective element of Plaintiff's claim, Plaintiff claims that Defendant Barber grabbed him by the throat, slammed him over a bed, and struck him three times in the face, all while Plaintiff was handcuffed behind his back.  (Doc. 1 at 4, Complaint).   Plaintiff claims that, while being slammed over the bed, he scraped his hand on the edge of the bed, causing him pain for weeks.  (Doc. 23 at 3).

5. Inherent in the protection afforded by the Eighth Amendment is the principle that "not 'every malevolent touch by a prison guard gives rise to a federal cause of action.'"  Clark v. Johnson, 2000 WL 1568337, *12 (S.D. Ala. 2000) (unpublished) (quoting Hudson, 503 U.S. at 9-10).  Indeed, "'[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.'"  Hudson, 503 U.S. at 9 (citations omitted).  The objective component of an Eighth Amendment excessive force claim "necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'"  Hudson, 503 U.S. at 9-10 (quoting Whitley v. Albers, 475 U.S. 312, 327 (1986)).

6

6. While the Supreme Court in <u>Hudson</u> did not define "*de minimis* use of force," it did hold that neither "serious" nor "significant" injury is required to satisfy the objective component of an Eighth Amendment claim, nor is any arbitrary quantum of injury an absolute requirement of an excessive force claim, apparently out of concerns that certain forms of torture are capable of inflicting extreme pain without leaving any mark or tangible injury. <u>Id.</u> at 9 ("Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury."). At the same time, the court suggested that the degree of injury received is relevant to determining whether more than *de minimis* force was used. <u>See id.</u>, 503 U.S. at 10 (blows causing bruising, swelling, loosened teeth and a cracked dental plate do not constitute a *de minimis* use of force).

7. In the present case, there are no allegations of torture designed to inflict extreme pain without leaving tangible injury or conduct that otherwise is so egregious that one could reasonably call it repugnant to the conscience of mankind. Therefore, if Plaintiff suffered only *de minimis* injuries, that would be an important factor in determining whether more than *de minimis* force was used.

8. Plaintiff's medical records show that he was taken to the prison health care unit just minutes after the altercation with Officer Barber, and the only injuries that he had suffered were two scrapes to the fifth finger of his right hand and two scrapes to the fourth finger of his right hand. (Doc. 7, att. 1 at 6). In addition, there was slight swelling of the second knuckle of his fifth finger of his right hand. (<u>Id.</u>). He had full range of

motion, and a subsequent x-ray revealed no broken bones.  (Id.; Doc. 23 at 3).

   9. Even if the Court were to assume that Plaintiff suffered the injuries he claims,
those injuries would not support a finding of a constitutional violation under the
circumstances of this case.  In determining whether the extent of Plaintiff's injuries
indicates the use of excessive force, the Court finds instructive the types of injuries which
have been held by this Court, and other courts, to be insufficient to support excessive
force claims under the Eighth Amendment, such as: a scratch on plaintiff's side from a
correctional officer pushing, shoving, and hitting plaintiff in an effort to force him to
comply with an order to pick up his hoe and get back to work, Walker v. Thames, 2001
WL 394911, * 6 (S.D. Ala. 2001) (unpublished); scratches on plaintiff's elbow, bump and
one-half inch skin tear behind the ear, abrasion on the shoulder, and jaw pain from
correctional officer pushing plaintiff into a glass window while taking him to a holding
cell, Lanier v. Fralick, 2000 WL 1844679, *1-2, 5-6 (S.D. Ala. 2000) (unpublished); blow
to the forehead with a baton, resulting in no bruising or swelling, Clark, 2000 WL
1568337, *18-19; a sore, bruised ear lasting three days, Siglar v. Hightower, 112 F.3d
191, 193 (5th Cir. 1997); bruises on a prisoner's back from being shoved into a door
frame, DeWalt v. Carter, 224 F.3d 607, 620 (7th Cir. 2000); lacerations, bruises, cuts, and
swelling as a result of a guard hitting plaintiff's hand with a plastic box when plaintiff
reached through a trap in the door of his cell, White v. Matti, 58 Fed. Appx. 636, 638 (7th
Cir. 2002) (unpublished); pain, swelling, and bruising from a guard closing a cuffport
door on a prisoner's hand, Outlaw v. Newkirk, 259 F.3d 833, 839-40 (7th Cir. 2001); a

8

bruised shoulder from being shoved into a wall, <u>Markiewicz v. Washington</u>, 175 F.3d 1020, *1 (7th Cir. 1999) (unpublished); a 1.5 inch scratch on the back of the hand from handcuffs, <u>Schoka v. Swinney</u>, 53 F.3d 340, *1 (9th Cir. 1995) (unpublished); daily headaches, not requiring treatment, from being hit with a water bucket, <u>Lunsford v. Bennett</u>, 17 F.3d 1574, 1582 (7th Cir. 1994); and a sore and swollen thumb from being hit with keys, <u>Norman v. Taylor</u>, 25 F.3d 1259, 1262-63 (4th Cir. 1994).

10. On the other hand, the following types of injuries have been held to be sufficient to support excessive force claims: cuts, scrapes and contusions to the face, head, and body from a group beating, <u>Gomez v. Chandler</u>, 163 F.3d 921, 924-25 (5th Cir. 1999); a broken finger, <u>Escobar v. Zavaras</u>, 149 F.3d 1190, *3 (10th Cir. 1998) (unpublished); and permanent scarring and numbness from handcuffs, <u>Davidson v. Flynn</u>, 32 F.3d 27, 29 n.1 (2d Cir. 1994).

11. Although the Court is aware that, even in the absence of serious or significant injury, a plaintiff can establish a constitutional claim based on excessive force, Defendant Barber's actions in this case, as described by Plaintiff, do not involve diabolic or inhuman torture designed to inflict extreme pain without leaving any mark or tangible injury, nor are they otherwise so egregious that one could reasonably call them repugnant to the conscience of mankind.  Assuming, as Plaintiff alleges, that Officer Barber unjustifiably grabbed him by the throat, slammed him over a bed, and struck him in the face three times, his injuries were *de minimis* and simply do not support his claim that he was subjected to anything other than *de minimis* force, which is insufficient to establish a constitutional violation under the Eighth Amendment.  While the Court certainly does not

condone the unjustified use of force by prison officials, Plaintiff's allegations regarding Officer Barber's use of force against him fall short of what is required to state a claim for excessive force under the Eighth Amendment.

12. Even if Plaintiff had satisfied the objective element of his Eighth Amendment claim, his claim would still fail inasmuch as he has failed to prove the subjective component of his Eighth Amendment claim. In <u>Hudson</u>, the Supreme Court recognized that, whenever guards use force to keep order, they "must balance the need 'to maintain or restore discipline' through force against the risk of injury to inmates." <u>Hudson</u>, 503 U.S. at 6 (quoting <u>Whitley</u>, 475 U.S. at 321-22). Thus, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." <u>Id.</u> at 7. In making this determination, the Court considers the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived, any efforts made to temper the severity of a forceful response, and the extent of injury suffered. <u>Hudson</u>, 503 U.S. at 7 (citing <u>Whitley</u>, 475 U.S. at 321).

13. Officer Barber maintains that he ordered Plaintiff repeatedly to be quiet, and Plaintiff continued to be loud, verbally abusive, and resistant to search procedures. (Doc. 7, att. 1 at 1). Plaintiff does not deny that his behavior was loud and verbally abusive, but, rather, he states that "should the plaintiff have become insubordinate, etc., the proper recourse should have been disciplinary action in the form of a write-up for each violation, not choking and striking the Plaintiff in the face." (Doc. 23 at 2).

10

14. Under the circumstances, Officer Barber could have reasonably perceived Plaintiff's conduct to be a threat to prison order and discipline and could have reasonably believed it necessary to use some measure of force to take physical control of Plaintiff and remove him from the cell.  The evidence indicates that the force was applied in "a good-faith effort to maintain or restore discipline," not "maliciously and sadistically to cause harm," and that it was not disproportionate to the threat posed by Plaintiff.  Hudson, 503 U.S. at 6.  Thus, Plaintiff has failed to establish the subjective element of his Eighth Amendment claim.

## IV.  CONCLUSION

If a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial," Rule 56(c) mandates that summary judgment be entered against the nonmovant. Celotex Corp., 477 U.S. at 322.  "No material issues can be in dispute where the plaintiff's evidence fails to establish a constitutional violation."  Bennett v. Parker, 898 F.2d 1530, 1534 (11th Cir. 1990).  Therefore, since no constitutional violation has been established, Defendant's Motion for Summary Judgment is due to be granted.

Based on the foregoing, it is recommended that the Motion for Summary Judgment of Defendant Anthony Barber be granted (Docs. 7, 22), and that Plaintiff's claim against this  Defendant be dismissed with prejudice.[2]

---

[2]        Having found no Constitutional violations, plaintiff's requests to be authorized to conduct discovery are **DENIED AS MOOT.**

11

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 28th day of March, 2008.

s/WILLIAM E. CASSADY

**UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.    **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(c); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

13